UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-11408-MCS-PD** | Date | March 3, 2026 |
| Title | ***Campbell v. Select Medical Corp.*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 15)**

Defendant Select Medical Corp. moves to dismiss the complaint of Plaintiff Rudolph Campbell. (Mot., ECF No. 48.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for March 30, 2026. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Plaintiff did not file a timely response to the motion. (*See* Initial Standing Order § 9(b), ECF No. 9 (setting motion briefing deadlines diverging from the Local Rules).) The Court deems Plaintiff's failure to timely respond to the motion as consent to the granting of the motion. C.D. Cal. R. 7-12; *e.g.*, *Whitten v. Screen Actors Guild*, No. CV 19-5818-DMG (JEMx), 2019 U.S. Dist. LEXIS 185223, at *2 (C.D. Cal. Oct. 24, 2019) (granting motion to dismiss for failure to file a timely opposition); *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

In particular, the Court deems conceded Defendant's argument that Plaintiff has not alleged enough facts to establish that he has suffered an injury in fact sufficient to confer Article III standing. (Mot. 10–16.) To support Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly

traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The injury in fact must be "both concrete *and* particularized." *Id.* at 334 (internal quotation marks omitted). "[U]nder Article III, an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). Here, Plaintiff alleges that when he booked a physical therapy appointment on Defendant's website, "Defendant intercepted and/or assisted Google with intercepting his communications, including those that contained personally identifiable information ('PII'), protected health information ('PHI'), and related confidential information. (Compl. ¶ 10, ECF No. 1.) While Plaintiff provides information about a hypothetical user who booked an appointment on Defendant's website as an example of the type of information disclosed to Google, (*see id.* ¶¶ 80–82; *id.* ¶ 81 fig. 1), Plaintiff does not identify any of *his* specific personal information Defendant disclosed. Plaintiff thus has not alleged enough facts establishing a concrete harm to his privacy interests. *See Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (collecting cases). Notwithstanding, because Plaintiff could plausibly plead additional facts tending to show he suffered a concrete injury in fact, and given the Ninth Circuit policy of granting leave to amend with "extreme liberality," *Jensen v. Brown*, 131 F.4th 677, 701 (9th Cir. 2025) (internal quotation marks omitted), the Court gives Plaintiff leave to amend.

The motion is granted. Plaintiff may file an amended complaint within 14 days of entry of this Order if he can do so consistent with Federal Rule of Civil Procedure 11(b) and this Order. Plaintiff's amended complaint must be accompanied by a redline version tracking all changes. (Initial Standing Order § 10(a).) Failure to file a timely amended complaint will waive the right to do so. Leave to add new defendants or claims must be sought by a separate, properly noticed motion.

**IT IS SO ORDERED.**