Teresa C. Chow (SBN 237694)
*tchow@bakerlaw.com*
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

Sean P. Killeen (SBN 320644)
*skilleen@bakerlaw.com*
**BAKER & HOSTETLER LLP**
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2623
Facsimile: 415.659.2601

*Attorneys for Select Medical Corporation*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RUDOLPH CAMPBELL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SELECT MEDICAL CORPORATION d/b/a SELECT PHYSICAL THERAPY,

Defendant.

Case No.: 2:25-CV-11408-MCS-PD

**DEFENDANT SELECT MEDICAL CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Hon. Judge Mark C. Scarsi

**Date**: June 22, 2026
**Time**: 9:00 a.m.
**Courtroom**: 7C

**First Amended Complaint Filed**: March 17, 2026

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Plaintiff Lacks a Concrete Article III Injury .......... 1

B. Plaintiff's ECPA Claim Should Be Dismissed (Count I) .......... 3

1. Plaintiff Fails to Identify a Separate Unlawful Purpose .......... 3

2. Plaintiff Fails to Plead Interception "In Transit." .......... 5

3. There is No Aider-and Abettor Liability Under the ECPA .......... 6

4. Plaintiff Does Not Sufficiently Allege that the "Contents" of His Communications Were Disclosed .......... 7

C. Plaintiff's CIPA Claims Fail .......... 8

1. Plaintiff's § 631(a) Claim Should Be Dismissed (Count II) .......... 8

2. Plaintiff CIPA § 632 Should be Dismissed (Count III) .......... 8

D. Plaintiff Fails to State a Claim for Invasion of Privacy .......... 10

III. CONCLUSION .......... 10

C.D. Cal. L.R. 11-6.2 Certificate of Compliance .......... 11

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*B.N. v. Oregon Reproductive Medicine*,
2026 WL 915343 (D. Or. Apr. 3, 2026) ..... 7

*Campbell v. Facebook Inc.*,
77 F. Supp. 3d 836 (N.D. Cal. 2014) ..... 5

*Doe v. Talkiatry Mgmt. Servs., LLC*,
2026 WL 206483 (C.D. Cal. Jan. 22, 2026) ..... 4

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) ..... 6

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) ..... 5, 6

*Herzer v. Redstone*,
2018 WL 5094933 (C.D. Cal. July 10, 2018) ..... 6

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ..... 5

*Krzyzek v. OpenX Technologies, Inc.*,
2026 WL 206855 (N.D. Cal. Jan. 27, 2026) ..... 4

*Maghoney v. Dotdash Meredith, Inc.*,
2026 WL 497402 (S.D. Cal. Feb. 23, 2026) ..... 3, 10

*Natalie Gianne v. Accor Mgmt. US Inc.*,
2026 WL 925522 (N.D. Cal. Mar. 31, 2026) ..... 9

*NovelPoster v. Javitch Canfield Grp.*,
140 F. Supp. 3d 938 (N.D. Cal. 2014) ..... 8

*Pena v. GameStop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023) ..... 4

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022) ..... 3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .......... 2

*Riganian v. LiveRamp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) .......... 4

*Sisti v. Bosley, Inc.*,
No. 2:25-cv-10669-JFW-DFMx (C.D. Cal. Apr. 27, 2026) .......... 3, 4

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017) .......... 8

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 1085169 (N.D. Cal. Apr. 4, 2025) .......... 6

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .......... 9

*Sussman v. Am. Broad. Cos.*,
186 F.3d 1200 (9th Cir. 1999) .......... 3, 4

*In re Toys R Us, Inc., Priv. Litig.*,
2001 WL 34517252 (N.D. Cal. Oct. 9, 2001) .......... 6

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 1, 2

*Valenzuela v. Nationwide Mut. Ins. Co.*,
686 F. Supp. 3d 969 (C.D. Cal. 2023) .......... 5

*Wilson v. Rater8, LLC*,
2021 WL 4865930 (S.D. Cal. Oct. 18, 2021) .......... 9

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014) .......... 7

**State Statutes**

Cal. Penal Code § 632(c) .......... 8

**Federal Statutes**

18 U.S.C. § 2520(a) .......... 6



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# I. INTRODUCTION

Plaintiff's Opposition does not cure the First Amended Complaint's ("FAC") core defect: it still does not plead a concrete, plaintiff-specific privacy injury. Plaintiff relies on generalized descriptions of how tracking tools operate and illustrative screenshots untethered to his booking sessions. That is not enough to invoke Article III jurisdiction.

On Plaintiff's account, the supposed "disclosure" consists of three facts—that a website user requested a physical-therapy appointment, at a particular location, for a knee issue—without alleging any personal identifier (name, email address, phone number) or individualized medical information. And the FAC's repeated use of "substantially similar" allegations confirms the point: Plaintiff is not pleading what happened to him, but what might happen to someone. Speculation about what a technology can do is no substitute for allegations about what actually occurred.

Because Plaintiff has had a full opportunity to plead standing and still has not alleged a concrete injury, the Court should dismiss for lack of jurisdiction. And even if the Court reaches the merits, Plaintiff fails to state a claim under the ECPA, CIPA, or the California Constitution. The FAC should be dismissed with prejudice.

# II. ARGUMENT

## A. Plaintiff Lacks a Concrete Article III Injury.

Article III requires a concrete injury. Plaintiff must allege what was disclosed and why it bears a close relationship to a traditionally recognized privacy harm. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425–26 (2021). Labels and possibilities do not suffice. *Id*. at 426–27.

The FAC does not clear that bar. Plaintiff's Opposition confirms the alleged "disclosure" reduces to three facts: a user requested a physical-therapy appointment, at a particular location, for a knee issue. Opp'n at 7. That is the sum of the allegedly "sensitive" information. Plaintiff does not allege that Select Medical disclosed his name, email address, or phone number—information he admits he provided directly

to Google. FAC ¶ 9. Nor does he allege disclosure of any diagnosis, treatment record, or individualized medical history. At most, he pleads a generic appointment inquiry and asks the Court to assume it was linked to him.

The pleading defect is structural. The FAC proceeds by inference, not allegation. Plaintiff alleges he scheduled his appointment in a manner "substantially similar" to an illustrative flow described elsewhere in the complaint. FAC ¶ 10. That concession matters. It confirms Plaintiff is not pleading what happened in his own sessions, but what might happen in someone else's. Article III standing does not permit jurisdiction based on that sort of conjecture.

Plaintiff's theory fails under controlling precedent. Article III is not satisfied by alleging that a website deployed tracking technologies or collected categories of user data in the abstract. *TransUnion*, 594 U.S. at 425–26. As the Ninth Circuit recently reaffirmed, even allegations that a defendant captured numerous categories of user interactions do not establish standing absent facts tying the alleged collection to a concrete privacy harm suffered by the plaintiff. *Popa v. Microsoft Corp.*, 153 F.4th 784, 789–94 (9th Cir. 2025). Plaintiff alleges less. He offers generalized descriptions and screenshots untethered to his booking sessions. That is not a plaintiff-specific disclosure.

Plaintiff responds by emphasizing the healthcare context and citing regulatory guidance suggesting certain website interactions may be sensitive in the abstract. But the question at this stage is not whether some information could be sensitive. It is whether Plaintiff has plausibly alleged that his own data—linked to him—was transmitted in a way that reveals a concrete, individualized health fact. He has not. Under *TransUnion*, speculative risk and de-identified possibility are not concrete injuries without allegations connecting the disclosure to Plaintiff's own information. 594 U.S. at 438.

Plaintiff's authorities underscore—not cure—the problem. Courts have rejected materially similar allegations where plaintiffs failed to plead disclosure of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

identifying information or individualized health facts about themselves. In *Maghoney v. Dotdash Meredith, Inc.*, the court found no standing where the plaintiff alleged interception of health-related searches but failed to allege disclosure of information tying the searches to him. 2026 WL 497402, at *5 (S.D. Cal. Feb. 23, 2026). And in *Sisti v. Bosley, Inc.*, allegations that a medical provider disclosed appointment-related information still failed where the complaint did not identify what sensitive information was disclosed, how it intruded on private affairs, or how it caused a concrete injury. No. 2:25-cv-10669-JFW-DFMx (C.D. Cal. Apr. 27, 2026). This case presents even less: a generic appointment request coupled with an invitation to infer identifiability and sensitivity from hypothetical scenarios. Article III requires allegations of what was actually disclosed about this Plaintiff—not speculation about what might have been disclosed in some other case.

Because Plaintiff has had a full opportunity to plead standing and still has not alleged a concrete injury, the Court should dismiss for lack of jurisdiction.

**B. <u>Plaintiff's ECPA Claim Should Be Dismissed (Count I)</u>.**

***1. Plaintiff Fails to Identify a Separate Unlawful Purpose.***

Plaintiff invokes the crime-tort exception to the ECPA's one-party consent rule arguing that the alleged disclosure of information violates HIPAA and supplies an independent unlawful purpose. That argument misstates the governing inquiry. The Ninth Circuit has made clear that the focus is not whether the interception itself violates another law, but whether the purpose of the interception—its intended objective—was independently criminal or tortious. *Sussman v. Am. Broad. Cos.*, 186 F.3d 1200, 1202–03 (9th Cir. 1999). The alleged unlawful purpose must be "separate and independent" from the act of recording or interception itself. *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022).

Plaintiff does not allege such a purpose. His theory collapses the distinction that *Sussman* requires. He asserts that the alleged disclosure violates HIPAA and therefore supplies the requisite criminal or tortious intent. But that is simply another



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

way of saying the interception itself was unlawful. That is not enough. Courts reject efforts to satisfy the crime-tort exception by repackaging the alleged interception as the independent wrong. *See, e.g., Sussman*, 186 F.3d at 1203.

Recent decisions applying these principles confirm the point. In *Doe v. Talkiatry Mgmt. Servs., LLC*, the court rejected application of the crime-tort exception where the plaintiff alleged that intercepted information was used in violation of HIPAA, but failed to plausibly allege that violating HIPAA was the defendant's "primary motivation or a determining factor." 2026 WL 206483, at 1210 (C.D. Cal. Jan. 22, 2026). The same defect exists here. Plaintiff alleges, at most, that Select Medical used tracking technologies for analytics and advertising purposes—i.e., to "increase [its] profit margins." FAC ¶ 137. That is a routine commercial objective, not a separate criminal or tortious purpose.

Plaintiff's reliance on cases discussing profit motive does not change that result. Those cases do not hold that a financial objective itself satisfies the crime-tort exception. They hold only that profit motive does not categorically preclude liability where a plaintiff has otherwise adequately alleged an independent tortious purpose. *See, e.g., Krzyzek v. OpenX Technologies, Inc.*, 2026 WL 206855, at *8 (N.D. Cal. Jan. 27, 2026); *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1090 (N.D. Cal. 2025). Here, Plaintiff has not alleged any such independent purpose. He alleges only that the asserted disclosure itself was unlawful.

Courts addressing materially similar allegations have rejected the same theory. In *Sisti v. Bosley, Inc.*, the court explained that a plaintiff cannot satisfy the crime-tort exception by alleging that the interception was undertaken for a "tortious purpose" where the only alleged tort is the interception itself. No. 2:25-cv-10669-JFW-DFMx (C.D. Cal. Apr. 27, 2026). And in *Pena v. GameStop, Inc.*, the court held the exception does not apply "when, as here, the tortious conduct is the alleged wiretapping itself." 670 F. Supp. 3d 1112, 1119 (S.D. Cal. 2023).

That is precisely Plaintiff's theory. He alleges that Select Medical disclosed communications and that doing so violated various laws. But he does not plausibly allege that Select Medical did so for the purpose of committing a separate tort or crime. Without that independent purpose, the crime-tort exception does not apply. Plaintiff's ECPA claim fails as a matter of law.

***2. Plaintiff Fails to Plead Interception "In Transit."***

The ECPA requires contemporaneous interception during transmission—not access to information after it has been received. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).

The FAC does not plausibly allege that element. Plaintiff asserts, in conclusory fashion, that interception occurred "in real time," but offers no facts showing that any third party acquired Plaintiff's communications while they were in transit, rather than after they were transmitted to Select Medical. FAC ¶ 101. That is a critical distinction, and Plaintiff does not bridge it.

Courts applying this requirement demand more than a description of how a technology could operate. They require allegations of a plausible mechanism showing a contemporaneous, separate transmission, initiated by third-party code, while the user's communication with the website is still ongoing. *See Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1126 (C.D. Cal. 2024). Where other plaintiffs meet that standard, they allege facts tying the technology's operation to real-time interception, for example, that the defendant scanned message content and reacted immediately, demonstrating acquisition while the communication was still in transit, *see Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 848 (N.D. Cal. 2014), or that third-party code transmitted user data "as it happens" through a specifically described mechanism, *see Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 977–79 (C.D. Cal. 2023).

Plaintiff alleges no comparable facts here. He offers only generalized descriptions of tracking technologies and screenshots of hypothetical functionality.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

But "by virtue of how [a] technology functions" is not enough to plausibly allege interception "in transit," particularly where that theory would require the Court to infer how underlying code operates. *Heiting*, 728 F. Supp. 3d at 1126.

That defect is dispositive. Without factual allegations showing contemporaneous acquisition during transmission, Plaintiff does not plead an interception within the meaning of the ECPA. The claim should be dismissed.

***3. There is No Aider-and Abettor Liability Under the ECPA.***

The ECPA does not provide a private right of action against alleged aiders or abettors. 18 U.S.C. § 2520(a). Plaintiff's assertion in his Opposition that "nowhere in the FAC does Plaintiff allude to 18 U.S.C. § 2520" is irrelevant. Opp'n. 12. Section 2520 is the source of the private right of action under the ECPA. It creates a private civil cause of action only against the person who engages in an unlawful interception, disclosure, or intentional use of electronic communication – not against any other person for procuring, enabling, aiding or abetting another's interception of such. *See, e.g.*, *Herzer v. Redstone*, 2018 WL 5094933, at *7 (C.D. Cal. July 10, 2018) ("secondary liability is not recognized under the ECPA"); *In re Toys R Us, Inc., Priv. Litig.*, 2001 WL 34517252, at *7 (N.D. Cal. Oct. 9, 2001) (The ECPA "does not provide a cause of action against aiders and abettors, and, accordingly… plaintiffs may not proceed [] on such theory."); *Smith v. Rack Room Shoes, Inc.*, 2025 WL 1085169, at *7 (N.D. Cal. Apr. 4, 2025) ("defendants cannot be liable under section 2520 for 'procuring' an interception.").

Plaintiff instead argues that Select Medical is directly, rather than derivatively liable for an ECPA violation. This argument is implausible: The FAC alleges that Plaintiff's communications were made *to* Select Medical. *See* FAC ¶¶ 101, 122, 161, 162. At the same time, the FAC attributes the interception to Google. *See* FAC ¶¶ 63, 66, 69. A party to a communication cannot intercept that communication, and a website operator cannot "intercept" communications directed to its own website. *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 713 (N.D. Cal. 2011).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Because Section 2520 forecloses aider-and-abettor liability and the FAC affirmatively alleges that the communications at issue were made *to* Select Medical, Plaintiff has failed to allege a basis for ECPA liability against Select Medical.

### ***4. Plaintiff Does Not Sufficiently Allege that the "Contents" of His Communications Were Disclosed.***

The ECPA protects the "contents" of a communication—the information conveyed by the message itself—not the record information generated in the course of transmission, such as identifying data or routing details. *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106–07 (9th Cir. 2014).

Plaintiff does not plausibly allege disclosure of any such contents. The FAC identifies only IP address, device information, User-IDs, "Custom Events," and URLs. FAC ¶¶ 62, 69. That is record information. It reflects the mechanics of a website interaction, not the substance of a communication. Plaintiff's theory depends on converting routine appointment-booking activity into protected "content," but the Ninth Circuit has rejected that move, even where URLs reference sensitive topics. *Zynga*, 750 F.3d at 1107 (URL functions as an "address," not content, even if it reveals the page visited).

The FAC alleges less. At most, Plaintiff pleads URLs reflecting a physical therapy request (FAC ¶¶ 97–101), but that does not convey a diagnosis, treatment, or individualized medical information. Nor can Plaintiff transform those URLs into "contents" simply by asserting that he later attended an appointment. Opp'n at 13.

Plaintiff's reliance on *B.N. v. Oregon Reproductive Medicine* is misplaced. There, the plaintiff alleged disclosure of her full name, email address, phone number, date of birth, and other identifying information, along with activity tied to a specific IVF consultation. 2026 WL 915343, at *2–5 (D. Or. Apr. 3, 2026). Those allegations allowed the court to infer disclosure of substantive information linked to a particular individual and medical treatment. This case is different. Plaintiff alleges no

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

disclosure of identifying information and no individualized medical facts, only generalized browsing activity and non-content identifiers.

That is not enough. The ECPA does not convert metadata into content, and it does not permit plaintiffs to reconstruct "contents" by aggregating non-content information and inference. Because Plaintiff does not plausibly allege disclosure of the contents of any communication, his ECPA claim fails.

### C. Plaintiff's CIPA Claims Fail.

#### *1. Plaintiff's § 631(a) Claim Should Be Dismissed (Count II).*

Plaintiff's § 631(a) claim fails for the same reasons his ECPA claim fails. Section 631 requires the interception of the contents of a communication while it is in transit. Courts analyze the two statutes in parallel. *See*, e.g., *NovelPoster v. Javitch Canfield Grp*., 140 F. Supp. 3d 938, 954 (N.D. Cal. 2014).

Plaintiff does not plausibly allege either element. As explained above, the FAC identifies only URLs, identifiers, and device information—record data that does not constitute the "contents" of a communication. Nor does Plaintiff allege facts showing contemporaneous interception during transmission, as opposed to the routine operation of a website receiving user inputs. Thus, his § 631(a) claim fails.

#### *2. Plaintiff CIPA § 632 Should be Dismissed (Count III).*

Plaintiff's § 632 claim fails for an independent reason: he does not plausibly allege a "confidential communication." A communication is confidential only where the parties have a reasonable expectation that it is not being overheard or recorded. *See* Cal. Penal Code § 632(c).

That standard is not met here. The FAC alleges that Plaintiff interacted with a publicly accessible website to request an appointment. Such interactions, without authentication or individualized exchange, do not give rise to an objectively reasonable expectation of confidentiality. Courts have consistently rejected § 632 claims based on comparable allegations. *See Smith v. Facebook, Inc.,* 262 F. Supp.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3d 943, 954–55 (N.D. Cal. 2017); *Wilson v. Rater8, LLC,* 2021 WL 4865930, at *5 (S.D. Cal. Oct. 18, 2021).

Plaintiff's reliance on the "medical" nature of the interaction changes nothing. An appointment request, without identifying information or individualized medical details, does not constitute confidential medical information.

Nor does Plaintiff plausibly allege that Select Medical used an electronic "recording device" within the meaning of § 632. The FAC attributes any alleged data collection to third-party technologies, not to any device used by Select Medical itself. That is insufficient to state a claim.

Plaintiff's Opposition also mischaracterizes Select Medical's argument regarding the use of an "electronic amplifying or recording device." Opp'n at 18. Select Medical does not contend that software can never qualify as a "device" under Section 632. The defect in Plaintiff's pleading is different: he does not allege that Select Medical itself used any device to record the substance of a confidential communication. To the extent Plaintiff's theory depends on third-party technologies receiving information, that is not enough. Section 632 requires Defendant's own use of a recording device, not alleged conduct by third parties.

Plaintiff also relies on conclusory assertions that Defendant acted "intentionally," without alleging facts showing that Select Medical knew of, or purposefully engaged in, the alleged recording. That is not enough. *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 944 (N.D. Cal. 2024) (dismissing § 632 claim based on conclusory allegations of knowledge and intent). Nor does Plaintiff allege facts showing awareness of the trackers' purportedly unlawful operation. *See Natalie Gianne v. Accor Mgmt. US Inc.*, 2026 WL 925522, at *6 (N.D. Cal. Mar. 31, 2026)(finding allegations sufficient to infer knowledge). Plaintiff alleges no such facts here. Labels and inferences do not substitute for well-pleaded allegations.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

### D. **<u>Plaintiff Fails to State a Claim for Invasion of Privacy</u>**.

Plaintiff's Opposition hinges on the unsupported conclusion that the alleged communications to Selected Medical were medical information. Opp'n. 19-20. But as explained *supra* Section II.C., Plaintiff's information is not considered "medical information." Even disclosure of sensitive, health related website searches is not a privacy injury if not tied to Plaintiff's personal medical history. *Maghoney*, 2026 WL 497402, at *5. Nor has Plaintiff alleged a legally protected privacy interest in the information accessed because he has failed to allege what personalized information of *his* was collected. Plaintiff's invasion of privacy claim must be dismissed.

## III. **<u>CONCLUSION</u>**

Plaintiff has had a full opportunity to plead standing. He has not alleged a concrete injury, and the FAC fails under the ECPA, CIPA, and the California Constitution. The FAC should be dismissed with prejudice.

Dated: May 5, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*<u>/s/ Sean P. Killeen</u>*
Sean P. Killeen

BAKERHOSTETLER
*Attorneys for Defendant*

Baker & Hostetler LLP
Attorneys at Law
San Francisco

**C.D. Cal. L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendant Select Medical Corporation, certifies that this brief contains 2,987 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1 and the Initial Standing Order for Cases Assigned to Judge Mark C. Scarsi.

*/s/ Sean P. Killeen*
Sean P. Killeen